Cassandra Sue BENGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–01–00589–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 18, 2002.

Discretionary Review Refused Feb. 5, 2003.

Gerald E. Bourque, Janet Seymour Morrow, Spring, for Appellant.

Eric Kugler, Houston, for Appellee.

Panel consists of Justices YATES, SEYMORE and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

Appellant, Cassandra Sue Benge, was charged with aggravated assault with a motor vehicle. A jury found her guilty of the lesser included offense of deadly conduct. The trial court assessed punishment at one year's confinement, probated for eighteen months. This appeal followed. In a sole issue, appellant contends that the trial court erred in denying her a jury instruction on reckless driving because it is a lesser included offense of aggravated assault with a motor vehicle. We reverse and remand for a new trial.

## I. BACKGROUND

On September 3, 1999, the complainant, Scott Landers, was driving home from work at a Hi–Lo O'Reilly Auto Parts store when he encountered appellant and her friend, Ricky Rister, driving in appellant's truck in the opposite direction.[1] Landers testified the truck turned around and chased him, so he decided to return to work to call the police. In contrast, appellant testified Landers turned around and pulled in front of her. Nevertheless, while both vehicles were stopped at the next intersection, appellant and Rister exited the truck and approached Landers's car. According to Landers, Rister's hand was "balled up" in a fist. Appellant testified she and Rister approached Landers's car to obtain an explanation for his actions. Landers instead sprayed them with pepper spray, then continued driving to the store. Despite the pepper spray's effects, appellant returned to her truck and continued following Landers, but she denied chasing him.

As Landers attempted to enter the store, he heard brakes "squeal," saw appellant maneuver her truck between two poles, and saw appellant drive the truck toward him. Landers squeezed into a nook in the wall and narrowly avoided being crushed as appellant drove into the store wall. Appellant hit the store with such force that internal walls and display racks were damaged.

Appellant offered an explanation in her testimony for this collision. She testified

---

1. Landers first encountered appellant and Rister a week earlier. Although Landers, appellant and Rister disagree about the details, the first encounter essentially involved "road rage" over one of the parties' poor driving.

that as she neared the store, Rister yelled, "That's him, turn in." She "cut the wheel" and turned into the store parking lot going forty to forty-five miles per hour. Rister then screamed at her to stop. She "stood" on the brake pedal with all her weight and also pressed the emergency brake pedal, but she could not stop. She further testified she could avoid the store wall because there were cars to her left and right. She immediately left the scene because she was frightened.

The store manager testified it appeared appellant intentionally hit the store. A witness in the parking lot testified it appeared appellant intentionally tried to hit Landers. An officer who investigated the incident found skid marks in front of the point of impact, but he was unable to discern whether they resulted from a vehicle braking or reversing.

## II. DISCUSSION

### A. PRESERVATION OF ERROR

■ The State first contends that appellant did not preserve error because she failed to object with sufficient specificity. Appellant objected, "I have only one objection to the charge. That is, it does not include reckless driving, a lesser included offense." The trial court overruled her objection. The State contends that appellant needed to specify whether the alleged reckless driving was done with disregard to persons or with disregard to property. We disagree. We find that appellant preserved error because she distinctly specified her objection to the charge. *See* TEX.

CODE CRIM. PROC. ANN. art. 36.14 (Vernon 1999) (defendant must distinctly specify each ground of objection to the charge); *see also Ford v. State*, 38 S.W.3d 836, 841 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (objection need not be in perfect form, but need only be sufficient to call the trial court's attention to the omission in the charge). Thus, we consider the merits of her issue.

### B. LESSER INCLUDED OFFENSE ANALYSIS

We apply the following two-prong test to determine if a defendant is entitled to a charge on a lesser included offense: (1) the lesser included offense must be included within the proof necessary to establish the offense charged; and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, she is guilty only of the lesser included offense. *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex.Crim.App. 2000), *cert. denied*, 532 U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim. App.1993).

■ With regard to the first prong of the test, appellant asserts that reckless driving is a lesser included offense of aggravated assault with a motor vehicle because (1) it is established by proof of the same or less than all the facts required to establish aggravated assault with a motor vehicle, and (2) it differs from aggravated assault with a motor vehicle only in that a less culpable mental state suffices to establish its commission.[2] The State contends that reckless driving is not included within

---

**2.** An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981).

the proof necessary to establish aggravated assault with a motor vehicle because the latter merely requires proof that the defendant used or exhibited the vehicle as a threat, while reckless driving requires proof that the defendant actually drove the vehicle.

■■■ Contrary to the State's contention, "[i]t is not a question of whether or not the offense charged is capable of being established on some theory that does not show the lesser included offense." *Broussard v. State,* 642 S.W.2d 171, 173 (Tex.Crim.App.1982). "Rather the issue is whether or not the State, in each case, when presenting its case to prove the offense charged, also includes the lesser included offense." *Id.* Because a greater offense may be committed in more than one way, appellate courts are required to analyze each case to determine whether the lesser offense is actually a lesser included offense of the charged offense. *Ford,* 38 S.W.3d at 843; *Broussard,* 642 S.W.2d at 173 (citing *Day v. State,* 532 S.W.2d 302, 315–16 (Tex.Crim.App.1976) (op. on reh'g)).[3] The first prong of this analysis is performed in reference to the facts required to establish the charged offense. *See Jacob v. State,* 892 S.W.2d 905, 907–08 (Tex.Crim.App.1995); *Ford,* 38 S.W.3d at 844. The elements of the offense claimed to be a lesser included offense must be functionally the same as or less than those required to establish the greater offense as charged in the indictment. *See Jacob,* 892 S.W.2d at 908; *Ford,* 38 S.W.3d at 844.

Applying this analysis, we conclude the elements of reckless driving are included within the facts required to establish aggravated assault as charged in this case. A person commits the offense of aggravated assault by intentionally or knowingly threatening another with imminent bodily injury and using or exhibiting a deadly weapon to do so. Tex. Pen.Code Ann. § 22.01(a)(2) (Vernon Supp.2002); Tex. Pen.Code Ann. § 22.02(a)(2) (Vernon 1994). Here, the indictment charged that appellant did "unlawfully, intentionally and knowingly threaten Scott Landers with imminent bodily injury by using and exhibiting a deadly weapon, namely, a motor vehicle." A person commits the offense of reckless driving by driving a vehicle in wanton and willful disregard for the safety of persons or property. Tex. Trans. Code Ann. § 545.401(a) (Vernon 1999).

The "driving" element of reckless driving is included within the facts required to establish aggravated assault in this case. Although the indictment does not specifically charge that appellant was driving the truck when she committed the aggravated assault, her driving is encompassed within the indictment because the State attempted to establish she used the truck as a deadly weapon by the manner in which she drove it. The State's entire aggravated assault case depends upon proof that appellant intentionally drove the truck straight at Landers. Therefore, the State was required to prove appellant was driving the truck as an element of aggravated assault.

■■■ Moreover, the "reckless" element of reckless driving is included within the facts required to establish aggravated as-

---

**3.** For example, in *Bartholomew v. State,* 871 S.W.2d 210 (Tex.Crim.App.1994), the defendant appealed the trial court's refusal to submit racing and speeding as lesser included offenses of reckless driving. The indictment charged reckless driving and alleged racing and speeding as the acts showing reckless-ness. The State attempted to prove reckless driving by proving that the defendant was speeding and racing with another vehicle. The court held that although racing and speeding are not always lesser included offenses of reckless driving, under the facts of this case they were. *Id.* at 213.

sault in this case. "Willful and wanton disregard" in the context of reckless driving means "the deliberate conscious indifference to the safety of others." *White v. State,* 647 S.W.2d 751, 753 (Tex.App.-Fort Worth 1983, pet. ref'd). Clearly, one who intentionally and knowingly threatens another with imminent bodily injury has a deliberate, conscious indifference for that person's safety. Establishing the higher culpable mental state of intent or knowledge necessarily establishes the lower culpable mental state of recklessness. *See Bell v. State,* 693 S.W.2d 434, 438 (Tex. Crim.App.1985); TEX. PEN.CODE ANN. § 6.02(d),(e) (Vernon 1994).[4] Accordingly, because the elements of reckless driving are included within the proof necessary to establish aggravated assault in this case, reckless driving is a lesser included offense of aggravated assault.

 Having found that the first prong of the test is satisfied, we consider the second prong of the test. For a defendant to be entitled to a jury charge on a lesser included offense, there must be some evidence from which a jury could rationally acquit the defendant of the greater offense while convicting her of the lesser included offense. *Wesbrook,* 29 S.W.3d at 113; *Rousseau,* 855 S.W.2d at 672–73. The credibility of the evidence and whether it conflicts with other evidence must not be considered in deciding whether the charge on the lesser included offense should be given. *Saunders v. State,* 840 S.W.2d 390, 391 (Tex.Crim.App. 1992). Thus, regardless of the strength or weakness of the evidence, if evidence from *any* source raises the issue that the defendant is guilty only of the lesser included offense, then the charge must be given. *Id.*

 In this case, we find some evidence raises the issue that appellant is guilty only of reckless driving. Contrary to the testimony of Landers and other witnesses, appellant denied she tried to hit Landers. In addition, her testimony supports her contention that she earnestly attempted to stop the truck. This evidence tends to negate that she intentionally threatened Landers with imminent bodily injury. However, her speed and the manner in which she turned into the parking lot raise the issue of reckless driving.[5] If a jury believes appellant did not intend to hit Landers, yet believes she consciously disregarded the possibility she might be unable to stop before striking him or someone else in the parking lot, it could rationally conclude she committed reckless driving, and not aggravated assault.[6] Be-

**4.** We disagree with the State's argument that reckless driving requires proof of facts not necessary to prove aggravated assault because reckless driving, depending on the instruction given, requires proof of disregard for the safety of property while aggravated assault requires no proof regarding the safety of property. One commits reckless driving by driving with wanton and willful disregard for the safety of persons *or* property. TEX TRANS. CODE ANN. § 545.401(a). Thus, proof that appellant drove her vehicle with wanton and willful disregard for the safety of both persons and property is not necessary to establish reckless driving. Proof that she drove her vehicle with disregard for another person's safety is sufficient for reckless driving to be a lesser included offense in this case.

**5.** Appellant testified she was "roughly" familiar with the size of the parking lot, knew the distance she would have to stop, and knew the amount of time necessary to stop her truck.

**6.** In fact, the jury found that appellant's conduct was reckless because it found her guilty of deadly conduct, which requires the mental state of recklessness. *See* TEX. PEN.CODE ANN. § 22.05(a) (Vernon 1994) (a person commits the offense of deadly conduct if she recklessly engages in conduct that places another in imminent danger of serious bodily injury).

cause some evidence raises the issue of reckless driving, the trial court erred by denying her requested instruction.[7]

## C. HARM ANALYSIS

 When an appellate court finds jury-charge error, it must determine whether the error caused sufficient harm to require reversal. *Hutch v. State*, 922 S.W.2d 166, 170–71 (Tex.Crim.App.1996) (citing *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App.1986)). The degree of harm necessary for reversal depends upon whether the error was preserved. *Id.* Error properly preserved by an objection to the charge will require reversal " 'as long as the error is not harmless.' " *Id.* (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g)). This means *any* harm, regardless of degree, is sufficient to require reversal. *Id.* (citing *Arline*, 721 S.W.2d at 351).[8] In conducting the harm analysis, a reviewing court may consider the following factors: (1) the charge itself; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Id.* (citing *Bailey v. State*, 867 S.W.2d 42, 43 (Tex.Crim.App. 1993)).

Because appellant preserved the charge error in this case, we must determine whether the error caused *any* harm, regardless of degree. *See id.* Appellant maintains that the error caused some harm because reckless driving carries a less severe penalty than deadly conduct.[9] We agree.

 Harm exists when the penalty imposed for the charged offense exceeds the potential penalty for the lesser included offense. *See Bignall v. State*, 899 S.W.2d 282, 284 (Tex.App.-Houston [14th Dist.] 1995, no pet.); *Bartholomew v. State*, 882 S.W.2d 53, 57 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd). Appellant was sentenced to one year's confinement, although the trial court probated the sentence.[10] If appellant were convicted only of reckless driving, her maximum punishment would be confinement in county jail for 30 days and a $200 fine. Thus, we conclude that appellant suffered some harm because the penalty for deadly conduct exceeded the maximum penalty for reckless driving.

The State contends appellant has not shown any harm because the jury would have found her guilty of deadly conduct

---

7. Appellant's driving the truck despite being sprayed in the face with pepper spray is further evidence of recklessness. She agreed that after she was sprayed, she could have remained stopped at the intersection, she could have stopped on the side of the road between the intersection and the store, or Rister could have driven. She believed Rister was not affected by the pepper spray because he was behind her when she was sprayed.

8. When the charge error is not preserved, "egregious harm" is required. *Hutch*, 922 S.W.2d at 171 (citing *Almanza*, 686 S.W.2d at 171).

9. Deadly conduct is punishable by (1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; or (3) both the fine and confinement. TEX. PEN.CODE ANN. § 22.05(e) (Vernon 1994); TEX. PEN.CODE ANN. § 12.21 (Vernon 1994). Reckless driving is punishable by (1) a fine not to exceed $200; (2) confinement in county jail for not more than 30 days; or (3) both the fine and confinement. TEX. TRANS. CODE ANN. § 545.401(b) (Vernon 1999).

10. The fact that appellant's sentence was probated does not affect our analysis. Her probation may be revoked if she violates its conditions. Thus, one year's confinement remains a possibility. Confinement for one year would not be a possibility under any circumstance if appellant were convicted only of reckless driving.

even if the charge included reckless driving. However, because the evidence raised the issue of reckless driving, it should have been the jury's decision whether appellant was guilty of reckless driving instead of deadly conduct. Because a correct jury charge would have given the jury the option to find appellant guilty of an offense with a less severe penalty than the penalty imposed, she suffered some harm. *See Bignall,* 899 S.W.2d at 284; *Bartholomew,* 882 S.W.2d at 57.

Accordingly, the judgment of the trial court is reversed and the case remanded for a new trial.