In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-450 CR


____________________



AARON K. CHRISTOFFERSEN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 05-05-04011-CR






MEMORANDUM OPINION


 Aaron K. Christoffersen appeals his conviction for aggravated assault. See Tex. Pen.
Code Ann. § 22.02(a)(1) (Vernon Supp. 2006). The two-count indictment alleged
Christoffersen knowingly or recklessly caused serious bodily injury to the two passengers in
his vehicle "by recklessly operating a motor vehicle and colliding said motor vehicle with a
pole. . . ." The jury found Christoffersen guilty on both counts and found he used a deadly
weapon in the commission of the offense. Christoffersen pled true to being a repeat offender
and the court assessed punishment at eight years of confinement in the Correctional
Institutions Division of the Texas Department of Criminal Justice. On appeal, Christoffersen
contends the trial court abused its discretion in preventing defense counsel from arguing to
the jury the legal meaning of reckless and erred in allowing lay witnesses to make legal
conclusions regarding whether Christoffersen was reckless. We affirm.

 In closing argument, defense counsel argued to the jury, as follows:

 Let's talk about some of the specific evidence in this case. Aaron and
myself, we will concede that [the passengers in Christoffersen's vehicle]
suffered serious bodily injury. That's obvious. We are not fighting that. 
However, Aaron Christoffersen did not intend to cause his friends serious
bodily injury. He didn't intend, he didn't desire, he didn't want that to happen.


 Let's talk about what the Government is going to focus on because I
already know where they are going with this. And I think you understand that,
too, with what they ended with with (sic) their case. The Government will
argue that Aaron Christoffersen "recklessly" -- this is the magic word that we
are going to be dealing with here. "Recklessly." They are going to argue that
he recklessly -- because of a combination of factors; weather, road, conditions,
speed and marijuana. That's what they are going to focus on. But I'm telling
you, when you deal with aggravated assault, the only thing that matters is did
the actor, did Aaron [] intend to cause serious bodily injury to his friends. 
That's all that is going to matter.


 The State did not object to that part of counsel's argument. Defense counsel
continued to develop this argument and the State began making objections. The trial court
did not sustain the State's first objection, but referred the jury to the definition of
"recklessness" contained in the jury charge, when defense counsel argued that "[t]hey need
to show you Aaron desired, that he intended, that he wanted serious bodily injury on his two
friends who are sitting with him here. . . ." The trial court sustained the State's subsequent
objection to defense counsel's arguments: (1) that all three culpable mental states "mean
intent, desire or want" and that "[r]ecklessness just happens to be the lowest form of it, but
there has to be some desire, intent or want;" and (2) that "[y]ou have to have some type of
intent. Some level of desire, intent or want." The trial court did not instruct the jury to
disregard the objected-to arguments.

 The culpable mental state of recklessness requires a conscious disregard of a
substantial and unjustifiable risk that the result will occur. See Tex. Pen. Code Ann. 
§ 6.03© (Vernon 2003). In the context of a prosecution for assault, proof of recklessness
does not require that the actor desire, intend, or want serious bodily injury to occur. See id. 
The trial court did not abuse its discretion in sustaining the State's objection. 

 To support his contention that trial counsel's argument correctly explained the jury
charge, Christoffersen cites two cases in which the trial court refused the defendant's request
to charge the jury on a lesser included offense. See Benge v. State, 94 S.W.3d 31 (Tex. 
App.--Houston [14th Dist.] 2002, pet. ref'd); Bell v. State, 693 S.W.2d 434, 438 (Tex. Crim.
App. 1985). In Benge, the appellate court held that under the facts of that case reckless
driving was a lesser included offense of aggravated assault with a motor vehicle. Benge, 94
S.W.3d at 36-37. Because the State charged assault by threat, the greater culpable mental
state for intentional conduct was at issue in the case. Id. at 35. In Bell, the appellate court
held that under the facts of that case reckless conduct was a lesser included offense of
aggravated assault with a deadly weapon. Bell, 693 S.W.2d at 436. The appellate court
reasoned that, because the danger of serious bodily injury is necessarily established when a
deadly weapon is used in the commission of an offense, proof of threatening another with
imminent bodily injury by the use of a deadly weapon constitutes proof of engaging in
conduct that places another in imminent danger of serious bodily injury. Id. at 438-39.
Neither case supports the proposition, stated in Christoffersen's jury argument, that a
culpable mental state of recklessness requires proof of an intent to cause serious bodily
injury. The trial court does not err when it prohibits defense counsel from making an
incorrect statement of the law in his closing argument. See McGee v. State, 774 S.W.2d 229,
238 (Tex. Crim. App. 1989). Because we find no abuse of the trial court's discretion, we
overrule Christoffersen's first issue.

 In his second issue, Christoffersen contends the trial court erred in allowing three lay
witnesses to make legal conclusions as to the word "reckless." Both a trooper who
investigated the accident and one of Christoffersen's passengers testified without objection
that Christoffersen operated his vehicle in a reckless manner. An assistant district attorney
witnessed the accident and at trial testified that she drove her vehicle off of the road and into
a ditch to avoid a head-on collision with the appellant as he traveled in her lane of traffic at
a high rate of speed. During the punishment phase she explained to the jury the impact the
accident had on her personally. The prosecutor asked the witness, "What are your
observations of the nature of the actual offense committed by this defendant based on your
observations on the road that day?" The witness responded, "I think it was incredibly
dangerous." Defense counsel waited until cross-examination to object and ask to strike her
direct examination testimony.

 Error may not be predicated upon admission of evidence unless a specific objection
is timely made. Tex. R. Evid. 103(a)(1). Because Christoffersen failed to
contemporaneously object to the witnesses' testimony, no error is presented for appellate
review. See Tex. R. App. P. 33.1(a)(1). We overrule Christoffersen's second issue and
affirm the judgment.

 AFFIRMED.

 

 ______________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on March 22, 2007

Opinion Delivered May 9, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.