Opinion issued December 4, 2008     

















In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00447-CR
____________

BRIAN THOMAS KIRSCH, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 1412229
 



MEMORANDUM OPINION

          Appellant, Brian Thomas Kirsch, appeals from a judgment that sentences him
to 30 days in jail for the class B misdemeanor offense of reckless driving. See Tex.
Transp. Code Ann. § 545.401 (Vernon 1999). Appellant pleaded not guilty to the
jury, was found guilty by the jury, and sentenced by the trial court. In his first and
second points of error, appellant challenges the legal and factual sufficiency of the
evidence to sustain the convictions. Appellant’s third point of error contends the trial
court erred by denying the motion to suppress the evidence obtained from the black
box in the car he was driving. We conclude the evidence is legally and factually
sufficient to sustain the convictions, and the trial court did not err by denying the
motion to suppress. We affirm the judgment of the trial court. 
Background
          Appellant was a deputy for the Harris County Sheriff’s Office. Paul Reese, a
Houston Police Department officer who coordinated security patrol for the southwest
Houston neighborhood of Pine Shadows, hired appellant to patrol Pine Shadows at
night. At approximately 3:00 a.m. on May 13, 2006, during his 11:00 p.m. to 4:00
a.m. shift, appellant was involved in an automobile accident.
          The accident occurred after appellant drove the security car outside the Pine
Shadows neighborhood to north Houston near Intercontinental Airport. Appellant
was driving southbound in the right-hand lane of the feeder road when he collided
with Jesse Gomez, who was driving a tractor trailer. Gomez was also driving
southbound on the same feeder road. Gomez, who was in the middle lane, intended
to make a wide right-hand turn at the next intersection. He checked his mirrors for
cars to his right. Seeing one car in the middle lane approximately 300 feet behind
him, Gomez decided to turn right from the middle lane. Gomez put on his right turn
signal, slowed from 30 to 35 miles per hour (m.p.h.) to 15 to 20 m.p.h., and began to
turn right. As the truck was turning, Gomez felt an impact great enough to skid his
78,000-pound load sideways. Gomez ran to see what had hit his truck, discovered
appellant unconscious in the security car, and asked someone nearby to call 911. 
          Deputy Wilkie, a traffic accident investigator for the Harris County Sheriff’s
Department, arrived at the scene while first responders were still trying to remove
appellant from the security vehicle. Having no indication that this accident was
caused by alcohol consumption, Wilkie conducted a standard accident investigation.
Wilkie faulted Gomez for making an improper turn but did not ticket him. 
          When emergency personnel arrived on the scene, they removed appellant from
the security car and transported him to Ben Taub Hospital by ambulance. One
paramedic testified that, on the way to the hospital, she detected the presence of
alcohol by an odor in appellant’s blood but did not detect alcohol on his breath. 
Paramedics treated appellant’s case as a head injury. 
          Appellant regained consciousness at the hospital but refused to speak and only
sporadically followed commands. Dr. Becker, the emergency center chief at Ben
Taub, suspected that appellant’s uncooperative behavior was the result of alcohol
rather than head trauma since appellant seemed to comprehend but intentionally
disregard commands and requests for information. In order to correctly diagnose the
situation, Dr. Becker ordered a blood-alcohol level, a toxicology screen, and a
computed axial tomography (CAT) scan of the head. The CAT scan revealed
bleeding on the brain. The blood-alcohol level was 0.10. Without a request from law
enforcement and without appellant’s consent, hospital personnel informed Houston
deputies, who had come to the hospital to support their fellow deputy, about the
results of the blood-alcohol test. 
          Reese contacted Wilkie about retrieving some personal items from his
impounded security vehicle, and Wilkie agreed to meet him at the impound lot. 
When Reese arrived, Wilkie and another officer were attempting to download
information from the vehicle’s “black box,” which, in General Motors vehicles like
this one, stores data about a vehicle’s actions for five seconds prior to air bag
deployment. Reese retrieved his personal items and told the two officers to “do what
you need to do” with the security car to complete the investigation. The officers did
not have the cable required to download information from the black box, so fellow
investigator Swango returned a couple days later, removed the black box from the
vehicle, and downloaded the information using a private accident reconstructionist’s
cable. The black box recorded appellant as driving 69 m.p.h. five seconds before the
crash, 69 m.p.h. at four seconds, 68 m.p.h. at three seconds, 68 m.p.h. at two seconds,
and 67 m.p.h. at one second. Swango testified that, since the security vehicle left skid
marks on the pavement but the black box failed to register brake application,
appellant must have applied his brake less than one second prior to the crash. 
          The jury was instructed that a person is guilty of reckless driving if he drives
any vehicle in willful or wanton disregard for the safety of persons or property.
Sufficiency of the EvidenceIn points of error one and two, appellant contends the evidence is legally and
factually insufficient to show that he drove in willful and wanton disregard to persons
and property by failing to maintain a proper lookout. 
          A person commits the offense of reckless driving “if the person drives a vehicle
in wilful or wanton disregard for the safety of persons or property.” Tex. Transp.
Code Ann. § 545.401 (Vernon 1999). In the context of reckless driving, “wilful and
wanton disregard” means “deliberate and conscious indifference to the safety of
others.” Harris v. State, 152 S.W.3d 786, 796 (Tex. App.—Houston [1st Dist.] 2004,
pet. ref’d) (citing Benge v. State, 94 S.W.3d 31, 36 (Tex. App.—Houston [14th Dist.]
2002, pet. ref’d)).  
         Appellant challenges the adequacy of the State’s proof to show that he was
driving recklessly at the time of the accident by failing to maintain a proper lookout. 
Appellant does not challenge the sufficiency of the State’s evidence for the other
bases of the jury charge: that appellant drove recklessly “by operating his motor
vehicle after consuming alcohol” or “by operating his motor vehicle at an excessive
speed.” The jury was permitted to return a guilty verdict based on any one of the
alternative bases presented in the charge. See Marinos v. State, 186 S.W.3d 167, 175
(Tex. App.—Austin 2006, pet. ref’d) (citing Kitchens v. State, 823 S.W.2d 256, 258
(Tex. Crim. App. 1991)). Because appellant does not challenge legal or factual
sufficiency of the evidence on two of the three alternative bases for reckless driving
presented in the jury charge, we must uphold the jury’s finding of guilty for reckless
driving. We overrule points of error one and two.
Motion to Suppress Evidence
          In his third point of error, appellant contends the trial court erred by denying
the motion to suppress the evidence obtained from the car’s black box because the
evidence was obtained in violation of section 547.615 of the Texas Transportation
Code, see Tex. Transp. Code Ann. § 547.615 (Vernon Supp. 2007), and in violation
of his Fourth Amendment protection against unreasonable search and seizure. See
U.S. Const. amend. IV.
          We review a trial court’s ruling on a motion to suppress for abuse of discretion,
and we review the record of the hearing on the motion in the light most favorable to
the trial court’s ruling. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App.
2002); Rivera v. State, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991). Ruling on a
motion to suppress lies within the sound discretion of the trial court. Villarreal v.
State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Flores v. State, 177 S.W.3d 8,
13 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d). At the hearing on the motion,
the trial court is the sole judge of the credibility of the witnesses and decides the
weight to give their testimony. Villarreal, 935 S.W.2d at 138; Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990); Flores, 177 S.W.3d at 14. We must sustain
the trial court’s ruling if it is reasonably supported by the record and is correct on any
theory of law applicable to the case. Villarreal, 935 S.W.2d at 138; Flores, 177
S.W.3d at 14. 
          As here, when the trial court files findings of fact with its ruling on a motion
to suppress, an appellate court does not engage in its own factual review, but
determines only whether the record supports the trial court’s fact findings. Romero,
800 S.W.2d at 543; Flores, 177 S.W.3d at 14. Unless the trial court abused its
discretion by making a finding not supported by the record, we will defer to the trial
court’s fact findings and not disturb the findings on appeal. Cantu v. State, 817
S.W.2d 74, 77 (Tex. Crim. App. 1991); Flores, 177 S.W.3d at 14. On appellate
review, we address only the question whether the trial court properly applied the law
to the facts. Romero, 800 S.W.2d at 543; Flores, 177 S.W.3d at 14. 
          The Fourth Amendment prohibits unreasonable searches and seizures. U.S.
Const. amend. IV; Minnesota v. Carter, 525 U.S. 83, 88, 119 S. Ct. 469, 473 (1998).
“Searches conducted without a warrant are unreasonable per se under the Fourth
Amendment, subject only to a few specifically established and well-delineated
exceptions. One recognized exception is when a voluntary consent to search has been
given.” Welch v. State, 93 S.W.3d 50, 52 (Tex. Crim. App. 2002). “[W]hen the
prosecution seeks to justify a warrantless search by proof of voluntary consent, it is
not limited to proof that consent was given by the defendant, but may show that
permission to search was obtained from a third party who possessed common
authority over or other sufficient relationship to the premises or effects sought to be
inspected.” United States v. Matlock, 415 U.S. 164, 171, 94 S. Ct. 988, 993 (U.S.
Wis. 1974). 
          The trial court made findings of fact concerning the motion to suppress the
evidence obtained from the black box, in pertinent part, as follows: 
1. The Court finds that Brian Kirsch was working an extra job for
Houston Police Department officer Paul Reece [sic] in the
Galleria/southwest area of Houston from the hours of 11PM on May
12th, 2006 to 4AM on May 13th, 2006 and that Kirsch was to patrol that
part of town in one of Reece’s [sic] marked security cars during that
time period.
 
2. The Court finds that Paul Reece [sic] and his wife are the exclusive
owners of the motor vehicle, namely a Chevrolet Malibu (the vehicle)
security vehicle, that was driven by Brian Kirsch on May 13, 2006 at or
about 3:10 AM . . . .
 
3. The Court finds that Paul Reece [sic] went to a private vehicle storage
facility where the vehicle was being stored with a police hold in place
on May 13, 2006 and while he was there, Reece [sic] saw that Deputies
Wilkie and Soots were attempting to download the module’s data from
the vehicle. . . . Reece [sic] stated to Wilkie and Soots that they could
do whatever they needed to the vehicle to complete their investigation.
The Court further finds that Wilkie and Soots were unable to download
the data from the module on that date and that the module was removed
and tendered to Harris County Sheriffs Deputy R.A. Swango. The Court
finds that on May 15th, 2006, Deputy Swango took the module to a
private crash reconstructionist named Joe Hinton who had the
appropriate tools for downloading the module’s data. . . . Appellant asserts that investigators violated the Texas Transportation Code by
removing the black box without the consent of either Reese or appellant. However,
the trial court found that Reese was an owner of the vehicle. Reese gave investigating
officers broad consent to do whatever was necessary to his vehicle to conduct their
investigation. The Transportation Code includes an exception allowing information
on a black box to be retrieved by someone other than the owner if the owner consents. 
See Tex. Transp. Code Ann. § 547.615 (Vernon Supp. 2008). Therefore, the
investigators did not violate the Texas Transportation Code by removing the black box
with Reese’s consent.
          Appellant also asserts that he had a legitimate expectation of privacy in the
black-box data. As previously stated, Reese had an ownership interest in the car, and
Reese consented to the search. Since police may obtain consent from anyone with
authority over the property, see Matlock, 415 U.S. at 171, 94 S. Ct. at 993, Reese’s
consent to the car’s search rendered the search valid under the Fourth Amendment. 
We hold that police removal of the black box did not violate appellant’s Fourth
Amendment right against search and seizure. We overrule appellant’s third issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Elsa Alcala
                                                                        Justice
 
Panel consists of Justices Taft, Keyes, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).