NO. 07-08-0395-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 21, 2009
_____

BOBBY COLEMAN,

                                                    Appellant

v.

THE STATE OF TEXAS,

                                                    Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17640-0805; HON. ED SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Bobby Coleman was convicted of aggravated assault with a deadly weapon. He seeks reversal of that conviction because the trial court failed to give the jury instructions on the lesser-included offenses of deadly conduct, reckless driving, and Class C misdemeanor assault. We affirm the judgment.

*Background*

On March 17, 2008, Nathaniel Wallace was driving his Ford Taurus when appellant pulled his gold Lincoln Town Car in front of the Taurus at a slant. Appellant exited his car with an object in his hand and appeared angry. Although Wallace and appellant knew each other, Wallace felt threatened by appellant's actions and drove around appellant's car to escape. Thereafter, appellant followed Wallace and proceeded to strike his vehicle in the rear on four or five different occasions. Two of those occasions were observed by a police officer. Appellant was also observed by the officer making a turn at a high rate of speed, jumping the curb, and striking a residence. Appellant then fled the scene. He was later detained at an apartment complex where Wallace (and appellant's brother) lived.

*Applicable Law*

A party is entitled to an instruction on a lesser offense if 1) the lesser offense is included in the proof necessary to establish the greater offense, and 2) some evidence exists that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser offense. *Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). In applying the first prong, we compare the elements of the lesser crime to those of the greater as described in the indictment. *Hall v. State,* 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). If the elements of the lesser offense are not included in the wording of the crime alleged in the indictment, it is not a lesser-included offense.

With respect to the second prong, if there is more than a scintilla of evidence from any source that raises the issue that the defendant is guilty only of the lesser offense, the instruction must be given. *Forest v. State,* 989 S.W.2d 365, 367 (Tex. Crim. App. 1999).

2

However, the evidence of record must affirmatively negate the element present in the greater offense but absent in the lesser. *Morris v. State,* No. 07-99-0498-CR, 2000 Tex. App. LEXIS 7181at *5 n.1 (Tex. App.–Amarillo October 25, 2000, pet. ref'd) (not designated for publication). It is not enough to simply rely on the State's failure to prove the particular element. *Id.*

*Deadly Conduct*

To prove aggravated assault as alleged in the indictment, the State was required to illustrate that appellant intentionally or knowingly threatened another with imminent bodily injury and used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. §22.01(a)(2) & §22.02(a)(2) (Vernon Supp. 2008). A person commits deadly conduct if he recklessly engages in conduct that places another in danger of serious bodily injury. *Id.* §22.05(a) (Vernon 2003).

Assuming *arguendo* that deadly conduct is a lesser offense of aggravated assault as alleged here, there must also be some evidence that if appellant is guilty, he is guilty only of deadly conduct. The difference between the two offenses is the culpable mental state, *i.e.* intentional and knowing versus reckless. Appellant relies upon the fact that Officer Guerra, who observed appellant's vehicle strike that of Wallace, could not definitively state that the accident was not the result of appellant having faulty brakes or Wallace having stopped his vehicle abruptly.[1] He also relies upon some indication that appellant smelled of alcohol and lost control of his vehicle by running over a curb and

---

[1]Appellant also mentions that the officer stated in his report that "failure to control speed" was a contributing factor to the accident. The two other factors the officer listed were "under the influence" and "road rage." We do not believe that the reference to these factors in the officer's report is affirmative evidence that appellant did not act intentionally and knowingly.

striking a house. By this evidence, appellant is relying upon the State's failure to prove that appellant did not have defective brakes or that Wallace did not stop his vehicle abruptly. Yet, there is no affirmative evidence that such events occurred so as to entitle appellant to an instruction on deadly conduct. Simply put, appellant is relying on speculation of what could or could not be at any particular time, as opposed to what is shown by the evidence of record. Moreover, the fact that appellant may have been under the influence of alcohol does not negate his intent. TEX. PENAL CODE ANN. §8.04(a) (Vernon 2003); *Pitonyak v. State,* 253 S.W.3d 834, 847 (Tex. App.–Austin 2008, pet. ref'd). Accordingly, we find that appellant was not entitled to an instruction on deadly conduct.

*Reckless Driving*

Next, appellant complains of the lack of an instruction on the misdemeanor offense of reckless driving. That offense occurs when one drives a vehicle "in wilful or wanton disregard for the safety of persons or property." TEX. TRANSP. CODE ANN. §545.401(a) (Vernon 1999). Reckless driving is a lesser-included offense of aggravated assault with a motor vehicle because the element of driving is included in the facts necessary to establish that appellant used the motor vehicle as a deadly weapon, and the facts used to prove the intent of aggravated assault would have proven that the defendant acted with deliberate conscious indifference to the safety of others. *Brown v. State,* 183 S.W.3d 728, 733 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd); *Benge v. State,* 94 S.W.3d 31. 35-36 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd).

4

Appellant relies upon the same evidence to establish the second prong of the test as he did for purposes of deadly conduct. Yet, for the same reasons listed above, we conclude that this evidence did not entitle appellant to an instruction on reckless driving.

*Class C Assault*

Finally, appellant claims he was entitled to an instruction on misdemeanor assault. At trial, he requested that instruction based "merely on the threat." We interpret this to mean appellant sought an instruction on assault for "intentionally or knowingly threaten[ing] another with imminent bodily injury . . . . " *See* TEX. PENAL CODE ANN. §22.01(a)(2) (Vernon Supp. 2008). The State concedes that this is a lesser-included offense of aggravated assault with a deadly weapon.

The factual basis for appellant's argument is that Wallace's fears allegedly arose out of his observation of appellant when he initially exited his vehicle with an object in his hand and appeared angry, *i.e.* it was the result of actions not involving a motor vehicle. Nevertheless, the record does not show that if appellant is guilty of anything, he is guilty only of misdemeanor assault not arising from the use of a vehicle. First, we note that prior to exiting his vehicle, appellant used it to block Wallace's own vehicle by driving it at a slant towards Wallace. Moreover, Wallace testified that he felt scared as a result of that action and as a result of appellant later striking Wallace's vehicle multiple times and he "was crying and . . . checking on the people in the car with [him] . . . ." Nothing in the record contradicts this evidence.

Nor does the scenario portrayed by appellant necessarily illustrate that he was guilty only of simple assault. While it may be that the victim feared bodily injury when he first saw appellant's vehicle, that does not negate the elevation of simple assault to aggravated

5

assault once the car was used to strike the victim.  Therefore, the trial court did not err in failing to give the requested instruction.

Having overruled all of appellant's issues, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.