**Affirmed and Memorandum Opinion filed October 11, 2011.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-10-01066-CR
_____

**JONATHAN BERNARD KINBACK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 1692175**

## MEMORANDUM OPINION

Appellant Jonathan Bernard Kinback was convicted of reckless driving. In his only issue on appeal, he challenges the sufficiency of the evidence to support his conviction. We affirm.

## BACKGROUND

During the early morning hours of July 7, 2010, at approximately 2:00 a.m., appellant discovered a vehicle parked in front of his driveway with its engine running. Appellant approached the vehicle, a white Chevy Cobalt, suspecting its occupants to be the same men who had attempted to break into his home two days earlier. When the vehicle sped off, appellant got into his silver Impala and drove after the vehicle, attempting to obtain its license plate number.

Nathan Simpson, the driver of the white Chevy, testified that appellant followed behind him closely before pulling ahead, cutting him off, and then stopping in front of him. When appellant exited his car and approached the Chevy, Simpson shifted into reverse and turned onto a side street. A chase ensued, prompting Simpson and his passenger, Krystine Curci, to dial 911. Simpson testified that appellant ran several stop signs; ran at least one red traffic light; and followed behind him at a close distance at speeds approaching ninety miles per hour, amidst other cars on the road. The chase ended when appellant, while navigating a turn, lost control of his vehicle and crashed into a ditch.

Loretta McWhorter, one of the drivers on the road that morning, testified that both vehicles "zoomed" by her and were "zigzagging." She stated that the silver vehicle was following the white vehicle very closely, and the driving looked "very unsafe." When she saw the silver vehicle crash, she stopped and offered assistance. McWhorter called 911, and Harris County Constable Deputy Jacob Amaya was called to the scene. After the accident, appellant told Deputy Amaya about a suspicious vehicle outside of his residence that night. He was especially concerned about the vehicle's presence because his house had been broken into two days before. Appellant explained to Deputy Amaya that he never thought about calling the police on one of his two cell phones regarding the suspicious vehicle.

Appellant was charged by information with "recklessly driv[ing] a vehicle in wilful and wanton disregard for the safety of persons and property by failing to stop at stop signs

2

and following vehicles at a close distance." Appellant waived his right to a jury, and the trial court found him guilty as charged. Punishment was assessed at confinement in the Harris County jail for thirty days, probated for one year, and a fine of $200. This appeal followed.

## ANALYSIS

In one issue, appellant challenges the sufficiency of the evidence to support his conviction for reckless driving. Proceeding on two different theories, appellant contends that (1) the evidence is insufficient to show that he was driving recklessly; and (2) the evidence is insufficient to show that he drove with wilful and wanton disregard for the safety of others because the mens rea element of the offense was negated by the defenses of mistake of fact, protection of property, and use of deadly force to protect property.

### Legal Sufficiency of the Evidence

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the fact finder is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review considers both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard applies to both bench trials and trials by jury. *Grant v. State*, 989 S.W.2d 428, 432 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

3

To support a conviction for reckless driving, the State was required to prove that appellant drove a vehicle "in wilful or wanton disregard for the safety of persons or property." Tex. Transp. Code Ann. § 545.401 (West 2011). In the context of reckless driving, "wilful and wanton disregard" means a deliberate and conscious indifference to the safety of others. *Benge v. State*, 94 S.W.3d 31, 36 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

Simpson identified appellant as the person driving the silver Impala. He testified that appellant ran stop signs and at least one red traffic light in a residential neighborhood. Simpson testified that he was traveling at ninety miles per hour on the main road and that appellant was following close behind. Simpson believed that appellant might have hit his vehicle if he applied the brakes. He felt as if appellant were trying to "run us off the road." Curci testified that appellant drove through at least one stop sign in the neighborhood. Although the speed limit in the neighborhood was probably forty-five miles per hour, Curci testified Simpson was traveling at ninety miles per hour with appellant "right behind us." McWhorter thought that the two cars were either racing or chasing each other on the main road in a "very unsafe" manner. When asked how close the second car was following the first car, she stated, "It seemed to be very close." Appellant testified that he ran several stop signs "only because they did" and agreed that running a stop sign is unsafe and could have resulted in an accident.

Considering all of the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Bowman v. Puckett*, 188 S.W.2d 571, 573–74 (Tex. 1945) (concluding that evidence supported finding that driver operated his vehicle in "heedless and reckless disregard of the rights of others" where testimony was produced that vehicle was moving between seventy-five and ninety miles per hour, a speed "greatly in excess of that permitted by statute").

## Defensive Theories

Appellant argues next that the record cannot support a finding of willfulness or wantonness in light of three applicable statutory defenses. Specifically, appellant contends that he was entitled to a mistake of fact defense under section 8.02 of the Texas Penal Code, a protection of property defense under section 9.41, and a use of deadly force defense under section 9.42. We disagree.

Section 8.02 provides that "[i]t is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negates the kind of culpability required for commission of the offense." Tex. Penal Code Ann. § 8.02(a) (West 2011). In this case, appellant mistakenly believed that the occupants of the white Chevy Cobalt were the attempted robbers from two days earlier. This belief, even if reasonable under the circumstances, does not negate the culpable mental state required of the charged offense: that appellant drove in wilful and wanton disregard for the safety of persons or property. Tex. Transp. Code Ann. § 545.401; *cf. Taulung v. State*, 979 S.W.2d 854, 857 (Tex. App.—Waco 1998, no pet.) (defense not available in sexual assault case where defendant admitted to having intercourse without the complainant's consent and that he had done so under the mistaken belief that the complainant was "[his] own woman"). Therefore, the trial court did not err by rejecting appellant's mistake of fact defense.

Appellant also relies on Section 9.41, which states as follows:

(a) A person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property.

(b) A person unlawfully dispossessed of land or tangible, movable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary to reenter the land or recover the property if the actor uses the force immediately or in fresh pursuit after the dispossession and:

(1) the actor reasonably believes the other had no claim of right when he dispossessed the actor; or

(2) the other accomplished the dispossession by using force, threat, or fraud against the actor.

Tex. Penal Code Ann. § 9.41. A reasonable belief is one held by an ordinary and prudent person in the same circumstances as the actor. *Id*. § 1.07(a)(42).

This defense was not available to appellant under either provision of the statute. Subsection (a) is not applicable because the evidence showed that Simpson and Curci were merely sitting in Simpson's vehicle when appellant approached them. There was no evidence that Simpson and Curci were trespassing on appellant's property, interfering with his property, or attempting to do so. Therefore, there was no evidence presented from which appellant could have formed a reasonable belief that the use of force was immediately necessary to prevent or terminate their trespass or unlawful interference with appellant's property.

Subsection (b) is equally inapplicable. Appellant testified that two men had attempted to break into his home two days earlier, but he never produced evidence of having been unlawfully dispossessed of property on the night of the charged offense. The trial court did not err in concluding that Section 9.41 did not apply in this case.

Appellant finally cites Section 9.42, which allows a person to use deadly force against another to protect land or tangible, movable property:

(1) if he would be justified in using force against the other under Section 9.41; and

(2) when and to the degree he reasonably believes the deadly force is immediately necessary:

(A) to prevent the other's imminent commission of arson, burglary, robbery, aggravated robbery, theft during the nighttime, or criminal mischief during the nighttime; or

6

(B) to prevent the other who is fleeing immediately after committing burglary, robbery, aggravated robbery, or theft during the nighttime from escaping with the property; and

(3) he reasonably believes that:

(A) the land or property cannot be protected or recovered by any other means; or

(B) the use of force other than deadly force to protect or recover the land or property would expose the actor or another to a substantial risk of death or serious bodily injury.

*Id*. § 9.42. Here, appellant was not justified in using force under Section 9.41. He produced no evidence of imminent criminal activity on the part of Simpson or Curci, nor was there evidence that Simpson and Curci were fleeing immediately after committing criminal activity. Therefore, the trial court did not err in concluding that Section 9.42 was inapplicable.

We overrule appellant's sole issue.

## CONCLUSION

The judgment of the trial court is affirmed.

/s/   Adele Hedges
      Chief Justice

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).

7