

# NUMBER 13-18-00476-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

STATE OF TEXAS,                                                   **Appellant,**

**v.**

DERRICK ANTHONY TORRES,                               **Appellee.**

### On appeal from the 430th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina

The State of Texas appeals the trial court's order granting appellee Derrick Anthony Torres's motion to suppress evidence following a warrantless traffic stop. By a single issue, the State argues the trial court erred in concluding that the detaining officer lacked reasonable suspicion to believe that Torres committed the offense of reckless driving. *See* TEX. TRANSP. CODE ANN. § 545.401(a). We affirm.

# I.     BACKGROUND

A grand jury returned an indictment charging Torres with possession of a controlled substance in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). Torres subsequently filed a motion to suppress evidence obtained during the traffic stop.

Officer Mario Garcia, Jr., with the City of Edcouch Police Department, was the State's sole witness at the suppression hearing. Officer Garcia testified that he was dispatched to the Casa Messina Apartments in Edcouch in reference to a suspicious male.[1] Once he arrived at the parking lot of the apartment complex, Officer Garcia claims Torres almost collided with his unit while reversing, which caused him some concern.

Officer Garcia activated his lights and initiated a traffic stop. He then made contact with Torres and asked for his driver's license to which Torres replied he did not have one. Officer Garcia asked Torres to step out of the vehicle. When he asked Torres if there was anything in the vehicle Officer Garcia needed to be aware of, Torres replied that there were some Xanax pills underneath the driver's seat. Officer Garcia found Xanax bars and a clear plastic bag that appeared to contain cocaine. He arrested Torres for possession of a controlled substance.

At the suppression hearing, Torres argued that Officer Garcia lacked reasonable suspicion to believe that Torres violated the Texas Transportation Code while the State argued there was reasonable suspicion that Torres committed the offense of reckless driving. *See* TEX. TRANSP. CODE ANN. § 545.401(a). The trial court granted Torres's motion

---

[1] No description of the male was provided other than the sex, and no testimony was given stating the conduct observed or suspected criminal activity.

to suppress and did not provide findings of fact or conclusions of law. The State filed a motion to reconsider, which the trial court denied. This interlocutory appeal followed.

## II.    MOTION TO SUPPRESS

By its sole issue, the State argues that the trial court erred in concluding that Officer Garcia lacked reasonable suspicion to stop Torres for committing a traffic offense.

## A.    Standard of Review and Applicable Law

The Fourth Amendment protects against unreasonable searches and seizures. U.S. CONST. amend. IV. A warrantless traffic stop is a Fourth Amendment seizure that must be justified by reasonable suspicion. *Derichsweiler v. State,* 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). An officer may conduct a traffic stop if the officer has reasonable suspicion that a person has committed a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). Reasonable suspicion exists if the officer has specific, articulable facts that, combined with rational inferences from those facts, would lead the officer to reasonably conclude that the person is, has been, or soon will be engaged in criminal activity. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007). This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). We consider the totality of the circumstances to make a reasonable-suspicion determination. *Curtis v. State*, 238 S.W.3d 376, 379 (Tex. Crim. App. 2007).

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We afford almost total deference to a trial court's determination of historical facts when supported

3

by the record, but we review pure questions of law de novo. *Alford v. State*, 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). Likewise, we defer to a trial court's resolution of mixed questions of law and fact if those questions turn on the credibility and demeanor of witnesses. *Id*. However, if credibility and demeanor are not necessary to the resolution of a mixed question of law and fact, we review the question de novo. *Id*. Here, we review de novo whether Officer Garcia was justified in stopping Torres's vehicle. *See State v. Ford*, 537 S.W.3d 19, 23 (Tex. Crim. App. 2017) ("[W]hether the facts, as determined by the trial court, add up to reasonable suspicion . . . is a question to be reviewed de novo.").

## B.    Analysis

Section 545.401(a) of the transportation code provides that, "A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property." TEX. TRANSP. CODE ANN. § 545.401(a). "Willful and wanton disregard as applied to reckless driving means deliberate and conscious indifference to the safety of others." *Dixon v. State*, 358 S.W.3d 250, 257 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). "One who intentionally and knowingly threatens another with imminent bodily injury has a deliberate, conscious indifference for that person's safety." *Benge v. State,* 94 S.W.3d 31, 35 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

Initially, Officer Garcia testified that he initiated a traffic stop to determine whether Torres had an emergency or was in a hurry.[2] Yet, throughout his testimony, Officer Garcia reiterated that reckless driving was the only reason he conducted a "safety stop." At the suppression hearing, the State conceded that although Torres's act "doesn't meet the elements of reckless driving," his "erratic driving behavior" and "irresponsible driving" of

---

[2] We note that the State only raises the issue of reckless driving on appeal.

4

almost reversing into Officer Garcia's unit provided Officer Garcia with reasonable suspicion for said offense. However, Officer Garcia testified that Torres did not see Officer Garcia's unit while Torres was reversing. Thus, the evidence did not establish that Torres's actions manifested a deliberate and conscious indifference to the safety of others. *See* TEX. TRANSP. CODE ANN. § 545.401(a); *Nava v. Sate*, 480 S.W.3d 759 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (finding the evidence insufficient for reckless driving based on the driver allegedly opening the door of the truck while exiting a parking lot); *Fernandez v. State*, 306 S.W.3d 354, 357 (Tex. App.—Fort Worth 2010, no pet.) (finding reckless driving where the officer saw a vehicle rapidly accelerate in speed; fishtail and cross over the divider lane; made loud screeches; and caused the tires to smoke while other traffic was immediately in the vicinity); *see also U.S. v. Raney*, 633 F.3d 385, 391 (5th Circ. 2011) (holding the evidence insufficient for reckless driving where defendant crossed into oncoming lane of traffic because defendant was unaware officers were directing traffic when defendant pulled into the opposing lane of traffic); *Moore v. State*, No. 14–02–00388–CR, 2003 WL 1087997, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 13, 2003, no pet.) (mem. op., not designated for publication) (concluding that law enforcement had reasonable suspicion of reckless driving when a car drove at a high rate of speed into a parking lot where people were standing, causing bystanders to step up onto the sidewalk, and then quickly left the parking lot while squealing its tires).

Absent such evidence, we conclude that Officer Garcia lacked reasonable suspicion to believe that Torres committed a traffic violation. *See Garcia*, 827 S.W.2d at 944. Because this was the only articulated basis for the detention, we hold that the trial court did not err in granting Torres's motion to suppress. We overrule the State's sole

5

issue.

### III.    CONCLUSION

We affirm the trial court's suppression order.

JAIME TIJERINA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of January, 2020.