**Aaron Lee RICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–08–00605–CR, 05–08–00606–CR.**

Court of Appeals of Texas, Dallas.

Feb. 23, 2010.

Larry Finstrom, Dallas, for appellant.

John R. Roach, Sr., Collin County District Attorney, Andrea L. Westerfeld, Assistant District Attorney, for the State.

Before Chief Justice WRIGHT and Justices RICHTER and LANG.

## OPINION

Opinion by Justice RICHTER.

A jury convicted Aaron Rice of two counts of aggravated assault with a deadly weapon and sentenced him to five years' imprisonment on each charge. The sentences were suspended and appellant was placed on community supervision. In five issues on appeal, appellant contends the trial court lacked jurisdiction to hear the case because aggravated assault with a deadly weapon is *in pari materia* with reckless driving, the trial court erred in failing to instruct the jury on the lesser-included offenses of reckless driving and attempted aggravated assault and the affirmative defense of renunciation, and the trial court erred by allowing improper jury argument. We conclude that although the trial court erred in failing to instruct the jury on the lesser-included offense of reckless driving, it had jurisdiction to commit the error. Because we conclude the trial court erred in failing to instruct the jury on the lesser-included offense of reckless driving and such failure caused appellant harm, we reverse and remand for further proceedings consistent with this opinion.

### BACKGROUND

A jury convicted appellant of two counts of aggravated assault with a deadly weapon. The testimony at trial established that in July 2005, Kenneth Kitchens and his girlfriend Lisa Gensler saw appellant in the parking lot of a Home Depot store. Kitchens was acquainted with appellant because appellant collected scrap metal at the mechanic's shop where Kitchens used to work. Appellant believed Kitchens had been responsible for a burglary that occurred at the shop, and also claimed Kitchens had reneged on an agreement to pay him storage fees for parking his car in appellant's scrap yard.

There is conflicting testimony about what occurred when Kitchens and appellant spotted each other in the parking lot. Appellant testified that he saw Kitchens point at him, so he got out of his truck to

ask Kitchens if he had the money he owed him. According to appellant, Kitchens cursed him and made a gang sign that appellant interpreted as a threat. Kitchens and Gensler claimed that appellant was yelling at them before he got out of his truck and Kitchens neither cursed nor made a gang sign.

After he saw Kitchens and Gensler, appellant got back in his truck and "peeled out" of the parking space. Kitchens testified that appellant was driving toward them. Gensler testified that appellant was driving recklessly and aggressively, but did not veer toward them. The squealing tires could be heard at the store entrance 175 feet away. Other customers were jumping out of appellant's way, and the drivers of other cars had to slam on the brakes to avoid being hit. When Kitchens and Gensler heard appellant's tires screech, Kitchens pushed Gensler out of the way. Gensler testified, however, that she did not mean Kitchens was saving her life because "it was not that dramatic." Kitchens and Gensler moved in between parked cars, but did not run. Appellant then turned through empty parking spaces and drove up the next aisle, but he was blocked by a car coming out of a parking space and had to stop. When appellant made this second pass through the parking lot, Gensler and Kitchens were standing between two parked cars. Kitchens testified that appellant never hit them and there were always vehicles between Gensler, Kitchens, and appellant. Appellant left the scene after his second pass through the parking lot.

Appellant testified that he thought about running over Gensler and Kitchens when he first got in the truck, but changed his mind. Appellant claimed that when he drove through the parking lot, he was only looking for Kitchens and Gensler, not trying to hit them. When he drove up the first aisle of the parking lot, he did not see Kitchens and Gensler and he was not driving toward them. Appellant did not believe he saw Kitchens and Gensler as he made his second pass through the parking lot. According to appellant, he then decided the whole thing was stupid and left.

When the court charged the jury, appellant's request for instructions on reckless driving and attempted aggravated assault was denied. After the jury returned a guilty verdict, appellant was sentenced to five years' imprisonment on each charge. The sentences were suspended and appellant was placed on community supervision. This appeal followed.

## DISCUSSION

### In Para Materia

■ In his first issue, appellant maintains the trial court lacked jurisdiction to hear the case because aggravated assault with a deadly weapon is *in pari materia* with reckless driving. We disagree.

Although not fully developed, appellant's jurisdictional argument appears to be premised on the assertion that he should have been charged with reckless driving, a misdemeanor, rather than aggravated assault with a deadly weapon, which is a felony. *See* TEX. PENAL CODE ANN. § 22.02(b) (Vernon Supp. 2009); TEX. TRANSP. CODE ANN. § 545.401(a), (b) (Vernon 1999). The case was tried in district court, which has jurisdiction over felonies and certain types of misdemeanors not at issue here. *See* TEX.CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005). Since the indictments each alleged only a single felony offense, if appellant should have been charged with a misdemeanor rather than a felony, the district court lacked jurisdiction to hear the case. *See* TEX.CODE CRIM. PROC. ANN. art. 4.05; *see also* TEX.CODE CRIM. PROC. ANN. art. 4.06 (Vernon 2005) (conferring jurisdiction on district court when felony charge also includes misdemeanor).

■ Under the *pari materia* principle of statutory construction, two statutes with similarity of purpose must be harmonized if possible. The specific controls over the general if the two cannot be harmonized and there is no indication that the legislature intended to make the general act controlling. *Burke v. State*, 28 S.W.3d 545, 546–47 (Tex.Crim.App.2000) (quoting *Mills v. State*, 722 S.W.2d 411, 413–14 (Tex.Crim.App.1986)). But the two statutes must have been enacted with the same purpose in mind for the doctrine to apply. *Id.* at 547. Two statutes are not *in pari materia* simply because they "might, in some situations, apply to the same conduct." *Lomax v. State*, 233 S.W.3d 302, 312 (Tex.Crim.App.2007).

Section 22.02 is contained in the "assaultive offenses" chapter of the Texas Penal Code and concerns assaults against people. *See* TEX. PENAL CODE ANN. § 22.02. On the other hand, reckless driving is located in the transportation code under the title "operation and movement of vehicles." *See* TEX. TRANSP.CODE ANN. § 545.401. An assault focuses on the threat of imminent bodily injury to a specific person, whereas reckless driving requires only a general disregard for persons or property. *See* TEX. PENAL CODE ANN. § 22.02; TEX. TRANSP. CODE ANN. § 545.401. In addition, aggravated assault with a deadly weapon does not require the use of a vehicle, although a vehicle can be the deadly weapon used. *See* TEX. PENAL CODE ANN. § 22.02(b); TEX. PENAL CODE ANN. § 1.07(17) (Vernon Supp. 2009). Conversely, reckless driving requires the operation of a motor vehicle. *See* TEX. TRANSP. CODE ANN. § 545.401. The two statutes also have markedly different penalties. *See* TEX. PENAL CODE ANN. § 22.02(b); TEX. TRANSP. CODE ANN. § 545.401(a), (b). Moreover, there is nothing to indicate that the two statutes were intended to be construed together. Therefore, the statutes are not *in pari materia*, and the district court had jurisdiction to hear the felony offense with which appellant was charged. Appellant's first issue is overruled.

### Lesser–Included Offense

In his second issue, appellant contends the trial court erred by denying his request to charge the jury on the lesser-included offense of reckless driving. The State counters that reckless driving is not a lesser-included offense of aggravated assault with a deadly weapon and therefore appellant was not entitled to the instruction he requested.

■ An offense is a lesser-included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged, or if it differs from the offense charged only in that a less culpable mental state suffices to establish its commission. TEX.CODE CRIM. PROC. ANN. art. 37.09(1), (3) (Vernon 2006). This inquiry is a question of law. *See Hall v. State*, 225 S.W.3d 524, 535–36 (Tex.Crim.App.2007). A trial court must submit a charge on a lesser-included offense if (1) the lesser-included offense is included within the proof necessary to establish the offense charged; and (2) some evidence exists in the record which would permit a jury to rationally find that if the defendant is guilty at all, he is guilty only of the lesser-included offense. *Guzman v. State*, 188 S.W.3d 185, 188 (Tex.Crim.App. 2006); *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex.Crim.App.2000). In other words, the evidence must establish the lesser-included offense as "a valid, rational alternative" to the charged offense. *Hall*, 225 S.W.3d at 536.

The State contends we consider only the statutory elements of the offense alleged in the indictment, not the manner and means. Therefore, according to the State, the specific deadly weapon—a motor vehicle—cannot be considered in evaluating whether reckless driving is a lesser-includ-

ed offense of aggravated assault. We are not persuaded by this argument.

■■■ Texas has adopted the cognate pleadings approach to the first prong of lesser-included offense determinations. *Hall*, 225 S.W.3d at 535. This approach involves consideration of the statutory elements as modified by the particular elements in the indictment. *Id.* at 536. In a recent opinion, the court of criminal appeals clarified the extent to which descriptive averments should be included in this analysis. *See Ex Parte Watson*, No. PD-0294–08, 2009 WL 1212565 at *9 (Tex. Crim.App. Dec. 16, 2009) (op. on reh'g). The court stated that an offense is a lesser-included offense if the indictment for the greater-inclusive offense either: (1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for the purposes of proving notice) from which all of the elements of the lesser-included offense may be deduced. *Id.* Both statutory elements and any descriptive averments alleged in the indictment for the greater-included offense should be compared to the statutory elements of the lesser offense. *Id.* The court further stated that "[i]f a descriptive averment in the indictment ... is identical to an element of the lesser offense, or if an element of the lesser offense may be deduced from a descriptive averment in the indictment for the greater-inclusive offense, this should be factored into the lesser-included offense analysis in asking whether all of the elements in the lesser offense are contained within the allegations of the greater offense." *Id.*

■■■ Thus, we perform the first prong of the analysis with reference to the statutory elements as modified by the particular allegations in the charging instrument. *See Hall*, 225 S.W.3d at 536. Applying this analysis, we conclude the el-

ements of reckless driving are included within the facts required to establish aggravated assault as charged in this case. *See Benge v. State*, 94 S.W.3d 31, 35 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd); *Kirkman v. State*, No. 0995–059–CR, 1996 WL 550147 at *2 (Tex.App.-Beaumont Sept. 25, 1996, no pet.) (not designated for publication). A person commits the offense of aggravated assault by intentionally or knowingly threatening another with imminent bodily injury and using or exhibiting a deadly weapon to do so. *See* TEX. PENAL CODE ANN. § 22.01(a)(2). Here, the indictments charged that appellant did "intentionally and knowingly threaten [complainants] with imminent bodily injury and ... did use and exhibit a deadly weapon, to-wit: a motor vehicle, that in the manner and means of its intended use was capable of causing death and serious bodily injury during the commission of the assault." A person commits the offense of reckless driving by driving a motor vehicle in wanton and willful disregard for the safety of persons or property. *See* TEX. TRANSP. CODE ANN. § 545.401(a). "Willful and wanton" in this context means "the deliberate conscious indifference to the safety of others." *White v. State*, 647 S.W.2d 751, 753 (Tex. App.-Fort Worth 1983, pet. ref'd). The "driving" element of reckless driving is included within the facts required to establish aggravated assault in this case because the indictment alleged that appellant used the vehicle as a deadly weapon by the manner in which he drove it. The "reckless" element is also included within the facts necessary to prove aggravated assault in this case. *Benge*, 94 S.W.3d at 35. Reckless driving differs from aggravated assault with a motor vehicle only in that a less culpable mental state suffices to establish its commission; the facts used to prove the higher culpable mental state of intent would also have proven that ap-

pellant acted with conscious indifference to the safety of others. *See* TEX. PENAL CODE ANN. § 6.02(d), (e) (Vernon Supp. 2009); *Bell v. State*, 693 S.W.2d 434, 438 (Tex.Crim.App.1985). Therefore, we conclude that reckless driving is included within the proof necessary to establish the charged offense, and the first prong of the test is met.

■■■■ Having determined that reckless driving is a lesser-included offense of aggravated assault in this case, we turn now to the second step of the inquiry: whether the evidence is such that a rational jury could find that if appellant is guilty, he is only guilty of reckless driving. In this step of the analysis, anything more than a scintilla of evidence may be sufficient to entitle a defendant to the lesser charge. *Hall*, 225 S.W.3d at 536. Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser-included offense, then the charge must be given. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex.Crim.App.1992). The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a lesser-included offense should be given. *Smith v. State*, 297 S.W.3d 260, 275 (Tex.Crim.App.2009), *petition for cert. filed*, —— USLW —— (Nov. 17, 2009) (No. 09–7674); *Banda v. State*, 890 S.W.2d 42, 60 (Tex.Crim.App.1994).

Appellant testified that he lost his temper when Kitchens made a "gang sign" at him, so he drove around the parking lot to look for Kitchens. Appellant admitted that he thought about running over Kitchens and Gensler when he first got in the car. But he stated that when he drove through the parking lot, he was only looking for them, not trying to hit them. Appellant also stated that he never actually saw Kitchens and Gensler while he was driving around the parking lot. This evidence tends to negate that appellant intentionally threatened Gensler and Kitchens with imminent bodily injury. If the jury believed that appellant did not intend to hit Gensler and Kitchens but consciously disregarded the possibility that the manner in which he drove through the parking lot might endanger the safety of others, it could rationally conclude that appellant was guilty only of reckless driving. Therefore, we conclude the trial court erred in refusing the instruction on reckless driving.

### Harm Analysis

■■■■ Because we have concluded that the trial court erred in refusing the requested instruction, we must now consider whether appellant suffered harm. When an appellate court finds jury charge error, it must determine whether the error caused sufficient harm to require reversal. *Hutch v. State*, 922 S.W.2d 166, 170–71 (Tex.Crim.App.1996). The degree of harm necessary for reversal depends on whether the error was preserved. *Id.* at 171. Error properly preserved by an objection to the charge will require reversal "as long as the error is not harmless." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). This means any harm, regardless of degree, is sufficient to require reversal. *Hutch*, 922 S.W.2d at 171. Since appellant properly preserved the charge error in this case, we must determine whether there was any harm, regardless of degree. *Id.* Appellant argues that the error caused some harm because reckless driving carries a less severe penalty than aggravated assault. We agree.

■■■■ Harm typically exists when the penalty for the charged offense exceeds the penalty for the lesser-included offense. *See Bignall v. State*, 899 S.W.2d 282, 284 (Tex.App.-Houston [14th Dist.] 1995, no pet.). Aggravated assault is punishable as a second-degree felony. TEX. PENAL CODE ANN. § 22.02(b). The penalty range for a

# 908

second-degree felony is a term of imprisonment not more than twenty years or not less than two years and may also include a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2009). Reckless driving is a misdemeanor punishable by a fine not to exceed $200 and/or confinement in the county jail for not more than thirty days. *See* TEX. TRANSP. CODE ANN. § 545.401(a), (b). Because the penalty for aggravated assault exceeds the penalty for reckless driving, appellant suffered harm.[1]

Appellant was also harmed because the jury was not given the opportunity to fulfill its role as a fact-finder and resolve the factual dispute concerning appellant's intent. Instead, it was left with the sole option of either convicting appellant of aggravated assault or acquitting him. *See, e.g., Beck v. Alabama,* 447 U.S. 625, 634, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) (observing that a jury, believing defendant to have committed some crime, but given only the option to convict him of a greater offense, may choose to find a defendant guilty of the greater offense, rather than to acquit him altogether, even though the jury may have a reasonable doubt defendant really committed the greater offense). Because the jury's verdict may have been influenced by the lack of options it was given in the charge, we cannot say with confidence that the error in the charge did not cause some harm to appellant. Appellant's second issue is sustained. Our resolution of this issue obviates the need to consider appellant's remaining issues. *See* TEX.R.APP. P. 47.1. We reverse the trial court's judgments and remand the cases for further proceedings consistent with this opinion.

---

1. As the court reasoned in *Benge,* the fact that appellant's sentences were probated does not affect our analysis. His probation may be revoked if violated and therefore five years' imprisonment on each charge remains a possibility. Conversely, there is no such possibility if appellant were convicted only of reckless driving. *See Benge,* 94 S.W.3d at 37 n. 10.